# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANNON PATTERSON,

                Plaintiff,

v.

RANDALL HEPP, CHARLES LARSON, RICHARD STELIGA, ROBERT FRANK, HOLLY MEIER, JOHN MAGGIONCALDA, PAULA STELSEL, and JOHN and JANE DOES 1–10,

                Defendants.

Case No. 16-CV-942-JPS

**ORDER**

      Plaintiff, who is incarcerated at Fox Lake Correctional Institution, filed a *pro se* complaint alleging that his civil rights were violated while he was incarcerated. (Docket #1). Before the Court are several of Plaintiff's motions: (1) a motion requesting preliminary injunctive relief (Docket #24); (2) a motion for appointment of counsel (Docket #28); and (3) a motion extension of time (Docket #36). All three motions will be denied, for the reasons stated below.

**1.    Motion for Preliminary Injunctive Relief**

      In Plaintiff's motion for preliminary injunctive relief, he asks the Court to enjoin Defendants, their "agents," and those acting in concert with them from harassing him or denying him medical care. (Docket #24 at 1). In his brief, Plaintiff rehashes the allegations of his complaint regarding alleged inadequate medical care he received after a fall in January 2015. (Docket #25 at 1–2). He further claims that Defendants continue to refuse to provide proper medical treatment for his neck and back pain allegedly resulting from the accident. *Id.* at 2. For instance, Plaintiff believes he should be seen by a specialist and that Defendants continuously deny him access to one. *Id.* at

2–3. As in his complaint, he also accuses Defendants of covering up his complaints and fabricating documents to avoid the appearance that they are denying him care. *Id.* Additionally, Plaintiff asserts that he is being harassed by correctional officers for using a wheelchair. *Id.* at 3–4. In connection with his motion, he provides his own affidavit regarding the relevant facts, as well as an affidavit from his mother, who has apparently made many phone calls to the institution in an effort to ensure her son receives medical care. (Docket #26 and #27).

Plaintiff's request must be denied. To obtain a preliminary injunction, Plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). To meet this burden, Plaintiff must make a "clear showing that [he] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Plaintiff's request falls short of making the substantial showing necessary to obtain preliminary injunctive relief. First, it seeks relief against many unidentified individuals, and many of those who are identified are not defendants in this case. The Prison Litigation Reform Act instructs that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). An injunction against the entirety of the Foxlake Correctional Institution staff does not meet this standard.

Second, the motion appears to be an attempt to wedge allegations of current wrongdoing into an ongoing case. In his complaint, Plaintiff raises concerns regarding allegedly inadequate medical care he received after he fell on a loose floor tile. The medical care (or lack thereof) at issue occurred prior to the filing of the complaint in July 2016. The instant motion, however, focuses on conduct occurring long after the filing of the complaint. *See* (Docket #25 at 2–3). Indeed, some of the alleged misconduct at issue in this motion occurred in late January 2017. *Id.* at 4. A motion for preliminary injunctive relief is not a proper method to litigate new allegations in an ongoing lawsuit, even if they are related to the current allegations.

Finally, although Plaintiff and his mother attest that he needs additional treatments for his alleged medical conditions, these affidavits are not based on any medical knowledge or evidence. They do not substantiate Plaintiff's as-yet unproven claims that he has received inadequate medical care. To the contrary, Defendants' submission shows that Plaintiff is receiving at least some care at this time. (Docket #30 at 5). Whether this care is so deficient as to support Plaintiff's claim remains to be seen. The Court therefore has no indication before it that Plaintiff is likely to succeed on the merits.

Nor is Plaintiff's story about being retaliated against for using a wheelchair enough to warrant entry of the broad injunction Plaintiff seeks, particularly since the allegations here relate entirely to non-defendants. *Id.* at 3–4. On this scant evidentiary basis, the Court is not inclined to insert itself into matters of prison administration, to which it normally accords substantial deference. *See* 18 U.S.C. § 3626(a)(2); *see also Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and

Page 3 of 7
Case 2:16-cv-00942-JPS    Filed 04/05/17    Page 3 of 7    Document 45

discretionary authority over the institutions they manage."). As a result, the Court must deny Plaintiff's request for a preliminary injunctive relief.

**2. Motion for Appointment of Counsel**

In his second motion, Plaintiff asks that the Court appoint him counsel. (Docket #28). As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)).

Here, Plaintiff proffers no reason that he is not capable of litigating this case on his own at present. Indeed, his primary argument in favor of his request is that he believes counsel's aid would increase his chance of success by helping him conduct discovery and locate witnesses. (Docket #28 at 1–2). This is plainly insufficient to meet the Seventh Circuit's standards.

Plaintiff also argues that he is illiterate, has concentration problems resulting from an old head injury, and is inexperienced in legal matters. *Id.* Yet Plaintiff provides no evidence whatsoever, other than his own lay opinion, that he suffers from cognitive, behavorial, or other limitations affecting his ability to present his arguments in a cogent fashion. (Docket #29 at 1–2). His personal opinion on such matters does not carry his burden to show a need for counsel. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014).

Plaintiff further states that he is currently using the services of a jailhouse lawyer but that this individual will soon be moved to another facility or is currently in segregation. (Docket #28 at 2–3). But whether Plaintiff fared better with a jailhouse lawyer's help, or whether an actual lawyer could take up that mantle, is not the operative inquiry; the question is instead whether Plaintiff is unable to litigate the matter himself with minimal competency. This he has not shown.

Next, Plaintiff complains that Defendants are not cooperating in discovery and that he needs counsel to help him resolve the matter. *Id.* at 3. Here again, Plaintiff's allegations of wrongdoing are unsubstantiated. Indeed, as shown below in connection with Plaintiff's motion for extension of time to complete discovery, *see infra* Part 3, Plaintiff's claims about Defendants' dilatoriness or uncooperative conduct are without an established factual basis. Thus, appointment of counsel is not warranted on this ground.

Finally, while the Court credits that Plaintiff raised medical claims in his complaint arising from his fall, this is but one factor the Court must consider in determining whether counsel is warranted at this juncture. *Pruitt*, 503 F.3d at 656 (noting that the Circuit court will not lay down categorical rules for appointment of counsel in *pro se* civil litigation). Plaintiff makes only conclusory assertions that his case is complex, and these fail to overcome the other deficiencies in Plaintiff's presentation. Likewise, Plaintiff gestures toward the notion that there will be credibility battles at trial, (Docket #28 at 3), but this falls far short of persuading the Court that counsel is necessary right now. As such, the Court concludes that recruitment of counsel in this case is not justified at this time, and will deny Plaintiff's motion for appointment of counsel without prejudice.

### 3. Motion for Extension of Time to Complete Discovery

Finally, the Court will deny Plaintiff's motion for extension of time to complete discovery. (Docket #36). The original scheduling order in this case set discovery to close on February 3, 2017. (Docket #13). Plaintiff sought and was granted an extension of time to complete discovery no later than April 3, 2017. *See* (Docket #22); Jan. 30, 2017 Text-Only Order. In his second motion for extension of time, Plaintiff requests another two-month extension of the discovery deadline and the dispositive motion deadline, pushing the former back to June 3, 2017, and the latter to July 3, 2017. (Docket #36 at 2).

He argues that the extension is necessary because Defendants have offered inadequate responses to his discovery requests and because he needs additional time to seek out witnesses who are confined at other institutions. *Id.* at 1–2. On the first point, Plaintiff avers that he served discovery requests on November 9, 2016 and that in late December 2016, Defendants offered what he views as "incomplete, non-responsive, and evasive" responses. (Docket #37 at 1–2). He tried to work out his disputes with opposing counsel, but those efforts failed by the end of January 2017. *Id.* at 2. In early February, Plaintiff's jailhouse lawyer was sent to segregation, so Plaintiff claims he was unable to draft and file a motion to compel with respect to his discovery requests. *Id.* Plaintiff claims he needs the extension he seeks to prepare and file that motion as well as seek other discovery. *Id.* at 2–3.

The Court does not find that Plaintiff's reasons represent good cause to grant an extension of time. *See* Fed. R. Civ. P 6(b). First, Plaintiff has already been granted one extension of time, and in this branch of the Court, even a request for single extension of time must be supported by extraordinary circumstances. Additional extensions are typically denied outright. Second, Plaintiff alleged in his first motion for extension of time that

he planned to file a motion to compel. (Docket #23 at 2–3). The motion appears to have been filed within the time of that initial extension, so the motion to compel issue is moot. (Docket #43). As noted above, Plaintiff has not demonstrated that he needs the services of a jailhouse lawyer to competently litigate this case, *see supra* Part 2, so his excuse that his jailhouse lawyer was or is in segregation does not satisfy. Plaintiff has had more than sufficient time to conduct discovery, and because this Court has an obligation to ensure the "just, speedy, and inexpensive determination" of this and every other civil action before it, Fed. R. Civ. P. 1, Plaintiff's request will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunctive relief (Docket #24) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #28) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to complete discovery (Docket #36) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge