# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANNON PATTERSON,<br><br>       Plaintiff,<br>v.<br><br>RANDALL HEPP, CHARLES LARSON, RICHARD STELIGA, ROBERT FRANK, HOLLY MEIER, JOHN MAGGIONCALDA, PAULA STELSEL, and JOHN and JANE DOES 1–10,<br><br>       Defendants. | Case No. 16-CV-942-JPS<br><br><br><br>**ORDER** |

On April 5, 2017, the Court entered an order denying several of Plaintiff's motions (Docket #45), including a motion for appointment of counsel (Docket #28). On April 26, 2017, Plaintiff filed a motion for reconsideration of that Order insofar as it concerned his request for appointment of counsel. (Docket #50).

Although he does not cite any authority for his request for reconsideration, the only relevant rule is Federal Rule of Civil Procedure 60(b), which permits a court to grant relief from one of its orders if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

Plaintiff's motion does little more than disagree with the Court's April 5, 2017 ruling. Asserting "that the. . .court's underlying judgment was wrong. . .is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681. Further, Plaintiff fails to address any of the specific Rule 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment") (emphasis in original). On these grounds alone, the Court could deny the motion.

Moreover, to the extent Plaintiff tries to present new evidence in support of his request for counsel, it fails to convince the Court that counsel is warranted at this time. As the Court noted in the April 5, 2017 order, counsel may be appointed where the plaintiff (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds [his] capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)).

In the instant motion, Plaintiff argues that counsel should be appointed because his jailhouse lawyer is in segregation and may be transferred to another facility soon. (Docket #50 at 1–2). This is not a reason for appointing counsel; while Plaintiff may use the services of a jailhouse lawyer if one is present, *Johnson v. Avery*, 393 U.S. 484, 490 (1969), he is not entitled to such assistance, and the mere absence of the jailhouse lawyer does nothing to show why Plaintiff himself is incapable of litigating this matter.

Additionally, Plaintiff reiterates that he is not competent to proceed on his own, citing the head injury he described in his original motion. *Id.* at 2. Plaintiff's own submissions undermine his claim. He attaches a psychological services report finding that despite slowed speech, "[Plaintiff] is quite clear in his thought process and given time seems to be able to articulate his thoughts quite clearly." (Docket #51-1 at 1). Although Plaintiff now adds the lay opinion of his jailhouse lawyer that he is incompetent, (Docket #51 at 2), the findings of medical professionals contradict that belief.

Finally, Plaintiff complains that Defendants have been obstructing his litigation efforts by denying his jailhouse lawyer extra law library time. *Id.* The uncorroborated allegations of Plaintiff's jailhouse lawyer, without more, do not substantiate a claim of retaliation or interference. Further, if the jailhouse lawyer desires more time in the law library, it is a matter for him to resolve with prison officials.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration of the Court's April 5, 2017 order (Docket #50) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge