# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHANNON PATTERSON

                            Plaintiff,

v.                                                              Case No. 16-CV-942-JPS

RANDALL HEPP, CHARLES LARSON,
RICHARD STELIGA, ROBERT FRANK,
HOLLY MEIER, JOHN
MAGGIONCALDA, PAULA STELSEL,
and JOHN and JANE DOES 1–10,                                   **ORDER**

                            Defendants.

 

Plaintiff, who is incarcerated at Fox Lake Correctional Institution, filed a *pro se* complaint alleging that his civil rights were violated. (Docket #1). His complaint centers around a slip and fall he attributes to dangerous prison conditions, as well as allegedly inadequate medical care Plaintiff received after the fall, and a cover-up of both by prison officials in order to avoid responsibility for the incident. *See id.* at 3. Before the Court is Plaintiff's motion to compel certain discovery responses. (Docket #43). Defendants oppose the motion. (Docket #48).

In his motion, Plaintiff seeks supplemental document production as to his Requests for Production Nos. 1, 2, 3, and 12. (Docket #43 at 2). Those requests are as follows:

> Request No. 1: Provide a copy of any and all documents concerning misconduct, reprimands, internal administrative complaints filed, or disciplinary action taken against the defendants from the year 2006 to present date.

Request No. 2: A complete copy of any and all documents showing work performance evaluations of the defendants, while employed within the Department of Corrections from 2006 to present date.

Request No. 3: A complete copy of Plaintiff's medical files concerning the claims raised in Plaintiff's complaint, files which consist of: (a) progress notes; (b) prescriber's orders; (c) off-site service request & report; (d) nursing encounter protocols; (e) any doctor's or radiology reports; (f) any DOC-3559 evaluation reports; (g) any DOC-3484 Form [for] correction of health information; (h) any DOC-3035 Health Service request forms; [and] (i) any written or electronic notes between staff on Plaintiff's injury.

Request No. 12: A complete copy of any documents that show a detailed listing of Fox Lake Correctional Institution (FLCI) institutional complaint[s] filed by inmates to the ICRS, regarding physical conditions at FLCI. This includes dispositions and recommendations made.

*See* (Docket #44-1 at 1–7). Defendants objected to each of these requests and have apparently provided no responsive documents. *See* (Docket #49-1 at 12–14). Plaintiff claims that Defendants' responses to these requests were "generalized, evasive, incomplete, and non-responsive." (Docket #44 at 1). He requests an order pursuant to Federal Rule of Civil Procedure 37(a) to compel compliance with these requests. *Id.*; Fed. R. Civ. 37(a)(3)(iv).

District courts have broad discretion in deciding matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* 26(b)(1). The information

sought need not itself be admissible to be discoverable. *Id.* In considering matters of proportionality, the Rule directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* While these proportionality concerns have always been a part of the Rule, they now enjoy pride of place after the 2015 Rule amendments and must form a part of the Court's discoverability analysis. *See* Fed. R. Civ. P. 26(b)(1), advisory committee notes, 2015 Amendment; *Elliot v. Superior Pool Prods., LLC*, No. 15-cv-1126, 2016 WL 29243, at *2 (C.D. Ill. Jan. 4, 2016). The Supreme Court has instructed that "discovery, like all matters of procedure, has ultimate and necessary boundaries. . . . [L]imitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947).

The Court finds that Plaintiff's motion must be denied in all respects at this time. First, Requests Nos. 1 and 2 are overbroad and premature. At its core, Plaintiff's case concerns dangerous prison conditions, inadequate health care, and a cover-up of both. Requesting all documents concerning any misconduct by Defendants, however minor, or their work evaluations, of whatever type, is not tailored to such claims. Notably, Plaintiff concedes in his brief that he plans to use this evidence to show Defendants' "propensity to turn a blind eye to misconduct," a purpose for which such evidence may *not* be offered. *See* Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to

prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). In *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014), the court stressed that "the district court should not just ask whether the proposed other-act evidence is relevant to a non-propensity purpose but how exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference."

Here, contrary to *Gomez*, Plaintiff gives no explanation of the relevance of this evidence other than to prove Defendants' propensity to commit the same bad acts alleged in this case. *Id.* ("It's not enough for the proponent of the other-act evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it."). Further, Plaintiff offers no reason why a decade-long time frame for the requests, even if offered for a non-propensity purpose, is proportionate to the issues raised in the complaint, which concern a single incident that occurred in January 2015. Thus, there is an insufficient basis on which to conclude that the discovery sought is relevant and proportional to the issues at stake. *See* Fed. R. Civ. P. 26(b)(1).[1]

---

[1] Plaintiff's citations to *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), and *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122 (N.D.N.Y. 1984), are inapposite. King involved the assessment of an "official information" privilege asserted on behalf of police officers, *King*, 121 F.R.D at 188, but no such privilege is at issue here. Similarly, *Rebideau* contained claims arising under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against a prison for creating a policy or practice of abuse, but Plaintiff's claims are confined to the individual actions of certain prison officials, despite his broad allegations of a cover-up conspiracy. Likewise, *Curry v. Scott*, 249 F.3d 493, 498 (6th Cir. 2001), has no bearing on this case, because unlike *Curry*, here Plaintiff does not allege that

To the extent these documents may become relevant, it will only be to assist the jury in making credibility determinations at trial. Since courts do not consider the credibility of witnesses at the summary judgment stage, the documents will not be relevant unless this case proceeds past that stage. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). If this occurs, Plaintiff may raise his motion again as to these requests. *See Peace v. Pollard*, Case No. 15–cv–481–pp, 2017 WL 564016, at *3 (E.D. Wis. Feb. 10, 2017) (denying without prejudice a motion to compel disciplinary records since their only use "would be to challenge the defendants' credibility," making them irrelevant at the summary judgment stage).

Next, the Court must deny Plaintiff's motion with respect to Request No. 3 because he is not entitled to have Defendants pay for copies of his medical records. Rule 34 of the Federal Rules of Civil Procedure requires only that a party answering a request for production make the responsive documents available; the answering party need not actually undertake the expense of copying. Fed. R. Civ. P. 34(a)(1) (requiring a party in response to a document request to "to produce and permit the requesting party or its representative to inspect [or] copy" the documents); *Singletary v. Reed*, No. 06-C-323-C, 2006 WL 3591868, at *1 (W.D. Wis. Dec. 8, 2006) ("Rule 34 does not require the defendant to provide [plaintiff] with free copies of the documents he wants. If plaintiff

---

Defendants have a long history of misconduct targeted at him or at a class of inmates to which he belongs. Put simply, Plaintiff seeks discovery of materials that might be relevant for several types of claims, none of which are actually raised in his complaint.

The Court does not consider at this time whether Defendants' assertion of confidentiality and security concerns, (Docket #48 at 2–3), would independently support denial of the motion as to these requests.

wishes to have copies of materials in defendant's possession for his own records, he will be responsible for paying the costs of duplicating the material."). In this case, Plaintiff has always had the ability to obtain, at his cost, copies of his medical records. He cannot foist the expense onto Defendants through a discovery request. The fact that he has been granted *in forma pauperis* status does not change this. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (noting that "granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions.") (internal citations omitted); *see also Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[L]ike any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund.").

Finally, the Court is obliged to deny Plaintiff's motion as to Request No. 12 because it is overbroad and infringes on the privacy interests of non-parties. To the extent Plaintiff seeks copies of his own grievances, Defendants may make them available to him as permitted under Rule 34. But to the extent Plaintiff seeks copies of other inmates' grievances, he has not raised any argument as to why such grievances are relevant, except to say that he will "show a pattern and practice of deliberate indifference by medical staff that is continuous and ongoing at FLCI." (Docket #43 at 4). This explanation fails to satisfy, since Plaintiff's complaint concerns only his individual treatment, not a prison policy or practice. *See* (Docket #1); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Freeman v. City of Milwaukee*, 994 F. Supp. 2d 957, 965–70 (E.D. Wis. 2014) (describing different standards applicable to *Monell* and civil conspiracy

claims). Additionally, the Court credits Defendants' assertion that other inmates' grievances are generally confidential pursuant to Wis. Admin. Code § DOC 310.16, and are not opened up to discovery simply because Plaintiff has filed a lawsuit. (Docket #48 at 3); *Cherry v. Bray*, No. 03–C–129–C, 2003 WL 23100287, at *1 (W.D. Wis. Dec. 5, 2003). Indeed, as observed in *Cherry*, open-ended discovery of a broad swath of inmate grievances would lead to distracting mini-trials on other inmates' possibly unsubstantiated claims. *Cherry*, 2003 WL 23100287, at *1. For these reasons, the Court will deny Plaintiffs' motion to compel in its entirety at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #43) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge