# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANNON PATTERSON,

               Plaintiff,

v.

RANDALL HEPP, CHARLES LARSON, RICHARD STELIGA, ROBERT FRANK, HOLLY MEIER, JOHN MAGGIONCALDA, PAULA STELSEL, and JOHN and JANE DOES 1–10,

               Defendants.

Case No. 16-CV-942-JPS

**ORDER**

On July 31, 2017, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's case in its entirety. (Docket #85, #86). Plaintiff filed a notice of appeal on August 30, 2017. (Docket #92). Accompanying it is a motion for leave to proceed *in forma pauperis* on appeal. (Docket #93). For the reasons stated below, the Court will grant that motion. Plaintiff also filed a motion to alter or amend the Court's judgment, (Docket #98), which the Court will deny.

1. **Motion for Leave to Proceed *In Forma Pauperis* On Appeal**

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account

statement showing transactions for the prior six months. *Id.* § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. *Id.* § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

There are three grounds for denying a prisoner appellant's request to proceed *in forma pauperis*: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See id.* §§ 1915(a)(2)-(3), (g). The Court finds that Plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether Plaintiff filed this appeal in good faith.

A party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) ("[A] plaintiff who. . .was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (quotation omitted); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

This Court does not find any indication that Plaintiff's appeal is not taken in good faith, particularly given the large number of legal claims and factual matters underlying Plaintiff's claims, against the backdrop of the exceedingly lenient standard of review. Thus, he will be granted leave to proceed *in forma pauperis* on appeal.

Along with his request to proceed *in forma pauperis*, Plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that Plaintiff is required to pay an initial partial filing fee of $286.92, as well as additional payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds*, *Walker*, 216 F.3d 626. Plaintiff must pay this amount within thirty days from the date of this Order or his appeal may be dismissed.

**2.      Motion to Alter or Amend the Judgment**

As noted, Plaintiff also filed with his notice of appeal a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the

Court's judgment in this case. (Docket #98).[1] Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A motion under Rule 59(e) is not an opportunity for a losing party to reargue the merits of his case with arguments or theories that could have been made before the court rendered judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party.").

Rule 60(b) is similarly limited. That Rule offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(6)). As with Rule 59(e), Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances."

---

[1] In construing *pro se* filings generously, the Court is required to consider what grounds for post-judgment relief might be appropriate, regardless of the authorizing Rule the litigant actually cited. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Plaintiff only mentioned Rule 59 in his motion, but because he identifies purported factual and legal errors the Court committed, both Rule 59 and Rule 60(b) are implicated. *See id.*; Fed. R. Civ. P. 60(b).

*Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006). The court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Plaintiff any relief here. First, his Rule 59(e) motion had to be filed no later than twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). The Court cannot extend this deadline. *Id.* 6(b)(2). Thus, whatever its merit, Plaintiff's request under Rule 59(e) is untimely. *See 3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 383 (7th Cir. 2010).

To the extent the motion can be construed as one under Rule 60(b), it is without merit. In his motion, Plaintiff variously attacks the Court's rulings on Defendants' motion for summary judgment and his own motions for appointment of counsel and to compel discovery responses. His arguments are difficult to parse, but the Court's review reveals that they are, at best, no more than an effort to reargue each motion.

Motions under Rule 60(b) do not exist to give a losing party a second bite at the apple. Instead, Plaintiff was supposed establish that newly discovered evidence or some other special circumstance listed in the Rule warrants revisiting the Court's decision. *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law"). Simply asking the Court to try again is not enough. This Court has ruled in conformity with the facts in the record and the applicable law. Grievances about the Court's rulings must be heard, if at all, the Court of Appeals. *3SM Realty & Dev.*, 393 F. App'x at 384 ("A Rule 60(b) motion is not a substitute for the appellate process."). Consequently, Plaintiff's motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #93) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that by **October 10, 2017**, the plaintiff shall forward to the Clerk of Court the sum of $286.92 as the initial partial filing fee in this appeal. Plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to alter or amend the judgment (Docket #98) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge